RECEIVED
IN ALEXANDRIA, LA
NOV 16 2010
TONY R. MOORE, CLK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MAURICE KERRICK, JR. <br> FED. REG. #39330-007 | DOCKET NO. 10-CV-1327; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| W.A. SHERROD | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Maurice Kerrick, Jr., filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the United States Bureau of Prisons, and he is incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner attacks his 2007 conviction in the United States District Court for the District of Columbia. Petitioner claims that his detention is unlawful because of ineffective assistance of counsel and an illegal search and seizure that lead to his conviction.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DENIED AND DISMISSED**.

*Background*

On or about April 26, 2007, Petitioner herein was indicted in

a four count indictment[1]. Petitioner plead not guilty on June 18, 2007, and was ordered detained pending trial. Petitioner's court appointed counsel filed a Motion to Suppress Physical Evidence on July 10, 2007. [1:07-cr-0111 D.C.D.C. Doc. #7] The government filed a Notice of Impeachment by Evidence of Conviction and a Notice and Memorandum in Support to Permit Use of Other Crimes Evidence [1:07-cr-0111 D.C.D.C. Docs. #8, 9] on July 10, 2007. Thereafter, a plea agreement was apparently reached between the government and Petitioner. On August 10, 2007, Petitioner plead guilty to Count 3 of the Indictment, and the remaining counts, 1, 2, and 4, were dismissed. A pre-sentence investigation was ordered, and on December 11, 2007, Petitioner was sentenced to sixty months of imprisonment. [1:07-cr-0111 D.C.D.C. Doc.28] Petitioner did not appeal his sentence or conviction.

### *Law and Analysis*

Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. §2241. 2241 petitioner are generally used to challenge the *manner* in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). In order to

---

[1] Count 1: Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§841(a)(1) & 841(b)(1)(A)(iii); Count 2: Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. §924(c)(1); Count 3: Unlawful Possession with Intent to Distribute Cannabis, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); and Count 4: Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). [1:07-cr-0111 D.C.D.C. Doc. #1]

collaterally attack the legality of a conviction or sentence, the proper procedural vehicle is a motion to vacate filed pursuant to 28 U.S.C. §2255. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Here, Petitioner seeks to collaterally attack his conviction. Thus, the claim should be asserted in a §2255 motion. The only court with jurisdiction to determine such a motion is the convicting court, i.e., the District of the District of Columbia in this case.

It is recognized that federal prisoners may in certain circumstances use §2241 to challenge the legality of their convictions or sentences, but only if they satisfy the §2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to §2241 *if* the §2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision, which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. See Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler,

253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

In this case, Petitioner never filed a §2255 motion in the convicting court, nor has he alleged or demonstrated that, based on a retroactively applied Supreme Court decision he was convicted of a nonexistent offense, or that his present claims were foreclosed by circuit law. In short, he has failed to show that his 28 U.S.C. §2255 remedy is ineffective or inadequate under the "savings clause". The fact that he may now be barred from filing a § 2255 petition under the statute's one-year statute of limitations does not make §2255 inadequate or ineffective. See Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner is precluded from challenging the legality of his convictions and sentences under §2241. The court is without jurisdiction to consider the petition. See Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005); Christopher v. Miles, 342 F.3d 378, 379, 385 (5th Cir.2003).

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED** because the Court lacks jurisdiction to consider these claims.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and**

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ___ day of _November_, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE